Opinion of the Court by
Judge Milis.
[Absent Chief Justice Bibb]
This is a case on the same will, which was before this court on a former occasion, as reported in 5 Litt. Rep. 273, to. which reference is made.
This writ of error is sued out, to reverse the first order of the county court, rejecting the will, made in 1817, and fully explained in the report referred to. The defendants in error have plead the statute of limitations, and the plaintiffs in error have replied infancy and coverture, and the parties on this point, have referred the facts, as well as the law arising thereon, to the court without a jury.
In the will there are many legatees, consisting of the children of the testator, by different wives, and only a few of them have united in this writ of error. All who have sued out the writ have brought themselves by unquestionable proof, within the savings of the statute. But one of the legatees who has a joint interest with the plaintiffs, and who has not united in the writ, is shewn not to be within the *153 saving of the act, and it is now contended either that the writ is defective and cannot be sustained, because that legatee has not joined, or that if can, it must be considered as if that legatee was joined, and that of course all are bound.
Proceedings in the county court and here, and the decisions establishing and annualling wills are cases as in rem wherein all the world are concluded.
In will cases all who are interested may become parties, and may choose their sides.
Either the executor or a legatee may present the will for proof.
Each person interested has the right to be party to a will case in this court, and to choose his attitude for or against it--Hence—The writ of error in will cases is in its nature several, though all concur as actors may join in it.
*153 The proceedings in the county court to establish and admit wills to record cannot be reduced to the rules of other legal proceedings by proper parties; and the writ of error here, in its original features, very illy suits the case, and yet it is applied to it. The jurisdiction is peculiar, and the sentence or decision as held before in this case, is a proceeding in rem. and is conclusive against the world, or all who were not parties or privies. Such was the proceeding of the eclesiastical courts in England, as to the proof of wills in matters relating to personalty, and in many of the American States, as to both personal and real estate, 1 Starkie Evi. 230.
The reason given for this, is, that all others who have an interest may become parties, if they choose so to do; and if they become parties, each has a right to choose his attitude, either as actor or reus. Hence it was held, in the former opinion in this case, that either the executor or legatee was a suitable person to present and prove a will, and in the proseeding, each legatee may act either as plaintiff or defendant. If it is the interest of one not to prove the will he may decline it—if to prove it, he may either do it, or decline it, or oppose it as he pleases.
If then the persons concerned may choose their attitude in the court below—may sustain or oppose the will or do either, it follows that they may act in the same manner in this court, and that their rights here are the same; otherwise the powers of this court could not be commensurate with that of the court of original jurisdiction, nor could the rights of the parties here be the same. There they may act as their interest or inclination leads them, here they would be compelled to act by technical rules—the reason of which did not apply to the case. Generally a judgment or decree between ordinary parties is an entire thing, and from the entirety of the sen *154 tence arises the joint nature of the writ of errors and all affected must join. In this case the judgment or sentence is several in its nature, and, therefore, a several Writ of error lies, and although more than one may join, yet the writ is to be treated as a several writ, and—
If all the plaintiffs in the writ of error are within the savings of the statute, they escape the bar, tho’ others not under disability might have united.
After the publication of the will the name of one executor is erased and another name inserted and no publication is afterwards made—Held no revocation.
The expressions of the statute, which save those entitled to such writ, who labour under disability, save every one, who can sue the writ alone. As in this writ are under disability, and more were not compelled to join, all who have joined must escape the bar. Even if this conclusion is not without its difficulties, the contrary conclusion will leave still more. This court will be closed while the inferior courts are open to the choice of the parties, as to prosecution defence, or neutrality in the controversy. A number of new rules must be created settling in every controversy, who must and who must not join in the writ—who must be plaintiffs—who defendants—and who may look on, while the rest manage the contest. To favour these rules we would have no principle, and no guide. We had therefore, at once better leave it to the same rules which govern the inferior courts, and that is the choice of each party, as to his side, and deem the controversy one, which from its nature cannot compel any one to associate himself and blend his fate with others. We, therefore, conclude that the writ in this case is not barred.
This brings us to the merits of the controversy. The will is clearly proved by the subscribing witnesses, and the capacity of the testator cannot be questioned. It was published and acknowledged when executed at first. Some time afterwards the testator sent for the writer and one of the witnesses to will, and suggested to him his determination to change one of the executors named in the will, and a desire to substitute another in his stead. The draftsman then erased the name of that executor in the will, and inserted, in the same place, the name of another individual whom the testator chose as executor, and after this erasure and insertion, there was no formal republication of the will be *155 fore the same or other witnesses, according to the requisites of the statute, and this is the only ground relied on, as vacating the will.
Neither the changing of an executor nor striking out a devisee will amount to a revocation so as to require a republication.
Appointment of executors.
Judgment admitting the will to record in this court.
Talbot and Wickliffe, for plaintiffs; Crittenden, for defendants.
It must strike every one, who hears this statement, that to make such an act a revocation of a will, once valid and well executed, is to torture the act of the testator to speak a language directly contrary to his evident intention: and intention must always be sought for in express revocations. This erasure did not and could not effect a single devise or bequest; but rather continued them. So well settled is the law on this subject, that striking out without republication, even the name of a devisee, after the publication of a will, has been held to be a revocation pro tento only. 6 Jacb. L. D. 441. Much stronger is the reason for not holding the the exchange of the name of an executor, a revocation. The power of the executor generally extends to the personal estate only ; lie may be appointed or exchanged, with one witness only.
The judgment of the county court is, therefore, held erroneous, and must be reversed, with costs, the will must be admitted to record in this court, as fully proved, and then remanded to the court below, there to be recorded and preserved, as fully proved in this court.